CENTRAL SHOE COMPANY, Appellant, v. KRAFT-DONALDSON COMPANY, Appellee.

No. 41092.

NOVEMBER 24, 1931.

W. H. Scott, for appellant.

H. L. Lockwood, for appellee.

EVANS, J.—In presenting its appeal here, the plaintiff-appellant is restricted to a very confined area of complaint. Its only exception saved in the record, and its only error assigned here, as a ground of reversal, was the categorical ruling of the court upon its motion for a directed verdict. Unless, therefore, it conclusively appears from the record that the court should have directed a verdict for the plaintiff for the *full amount* of its claim, then the ruling of the court was not error. The purchases which were sued for were made by sample, on or about November, 1929. The traveling salesman of the plaintiff was Prescott, and the purchasing agent of the defendant was Reese. Prescott presented his samples to Reese at the store of the defendant and these samples became descriptive of the goods to be purchased. The sum total of the orders amounted to more than one thousand dollars. Shipments were made on successive dates. When they arrived many of the "lots" proved unsatisfactory to Donaldson, the General Manager of the defendant. The unsatisfactory goods were all re-invoiced and returned to the plaintiff. Payment was promptly made for all the goods retained. It is the contention of the appellant, broadly speaking, that the evidence is undisputed to the effect that all the rejected invoices conformed strictly to the samples. This is the ground upon which it claims its right to a directed verdict. Two witnesses testified for the plaintiff, and three for the defendant. The witnesses for the plaintiff were Prescott and Reese, already referred to as the respective agents, who negotiated the original transaction. Both Prescott and Reese were witnesses to the samples. Prescott had no personal knowledge of the goods sent in the invoices. Reese alone had personal knowledge both of the samples and of the invoices. He testified, as a witness for the plaintiff, that the goods conformed to the samples. His apparent candor, as a witness, may be explained to some extent by the fact that he did not continue as an employee of the defendant after the developments of this transaction. The defendant laid a foundation for impeaching testimony on the cross-examination of Reese. The three witnesses for the defense testified that Reese himself challenged the compliance of the goods shipped, with the call of the samples. It appears also that Reese himself selected the rejected goods that were returned to the plaintiff. The burden, however, was upon the defendant to show the non-conformity of

the goods to the sample. Reese, as a witness, gave a description of the quality of the samples. The witnesses for the defendant testified to the quality of the rejected goods, as being much inferior to the description given by Reese of the quality of the samples. It was a proper line of evidence and was entitled to some consideration. It does appear that the rejected goods were shipped back to the plaintiff in January, 1930, and accompanied with a letter of advice. It further appears that about the same time the defendant received the last two invoices of goods accepted by it, amounting to $99.91; that the defendant remitted its check for the amount of such invoices and made the notation thereon: "Account in full to date."

It does not appear that the plaintiff ever objected to the acceptance of the return of the rejected goods; or that it objected to the receipt of the $99.91 check as full payment of its account.

Without dwelling, however, upon the generalities of the case, we may properly confine ourselves to a single feature of the record, which is sufficient of itself to sustain the ruling of the district court.

Among the goods shipped to the defendant and included in the invoices sued on, was a certain lot #2400, comprising seventeen pairs of shoes, which were not included in the original orders given by Reese to Prescott, but were sent on approval. They were among the goods returned. Counsel for appellant has quite overlooked the significance of this item of the record. To have sustained the plaintiff's motion would have been to award judgment for this item. This was of itself sufficient reason for the refusal of the court to sustain the motion, even though the plaintiff had been entitled to recover upon every other item. The appellant was not precluded by such ruling from asking for less, if it had chosen such course. For the purpose of this appeal, it is sufficient to say that the defendant was entitled to go to the jury at least on the item for lot #2400. No objections to the instructions were made or exceptions thereto saved. Nor did the plaintiff ask a review by the lower court by motion for a new trial.

We are clear that the district court did not err in the ruling complained of.—Affirmed.

FAVILLE, C. J., and KINDIG, MORLING, and GRIMM, JJ., concur.